**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| NEW BEDFORD HARBOR DEVELOPMENT COMMISSION, d/b/a, NEW BEDFORD PORT AUTHORITY<br>Plaintiff, | ) | |
| v. | ) | C.A. No. |
| F/V PAPAS GIRL (O.N. 1102373) her engines, boilers, tackle and appurtenances, and Northeast Permit No.: 410577 and MA State Permit No.: 175059 *in rem*, and | ) | |
| Trawler Master Braxton, Inc., *in personam*<br>Defendants. | ) | |

## VERIFIED COMPLAINT

Plaintiff, New Bedford Harbor Development Commission, d/b/a, New Bedford Port Authority (hereinafter "NBPA"), files this Verified Complaint against F/V PAPAS GIRL, Official Number 1102373 and Northeast Permit No.: 410577 and Massachusetts State Permit No.: 175059, and her engines, tackle, appurtenances, etc. *in rem*, and against Trawler Master Braxton, Inc. *in personam,* stating admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Admiralty and Maritime Claims. In support of its Verified Complaint against the Defendants, NBPA avers as follows:

## PARTIES

1. Plaintiff, NBPA is a Massachusetts government entity with a principal office located at 123 Macarthur Dr., New Bedford, MA 02740.
2. Defendant, Trawler Master Braxton, Inc. ("Trawler Master") is an entity with a principal location at PO Box 250, 101 South Avenue, Oriental, North Carolina 28571.

3. Defendant, F/V PAPAS GIRL, Official Number 1102373 and Northeast Permit No.: 410577 and Massachusetts State Permit No.: 175059 ("Vessel") is a fishing vessel with a home port of North Carolina. The *in rem* Defendant Vessel is not currently within this district, but is expected to be back in New Bedford during the current fishing season or the next season, as has been the Vessel's practice for many years.

**JURISDICTION AND VENUE**

4. Plaintiff brings this suit against the Defendants under the provisions of 28 U.S.C. §1333 as this is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Supplemental Rule C of the Federal Rules of Civil Procedure and pursuant to the provisions of 28 U.S.C. §1367.

5. Venue lies within this District under the provisions of 28 U.S.C. §1391 because the Vessel was at all times relevant to this claim within the port of New Bedford.

6. This Court has personal jurisdiction over the Defendant, Trawler Master, because it has the requisite minimum contacts with the State of Massachusetts and availed itself of the rights and privileges in Massachusetts by conducting interstate commerce and actively contracting with businesses. This Court exercising personal jurisdiction over Defendant, Trawler Master, does not offend the traditional notion of fair play and substantial justice as the dockage agreement at issue concerned the Plaintiff, a Massachusetts entity, and Trawler Master conducted business in Massachusetts.

7. The Defendant, Trawler Master, is also subject to specific jurisdiction. Defendant, Trawler Master, and its Vessel, frequently partake in fishing operations, landings, and dockage within this state. The Defendant's actions that led to this lawsuit are the same actions that

demonstrate purposeful availment in Massachusetts. Therefore, it is proper for this Court to have personal jurisdiction over the Defendants.

**STATEMENT OF THE CLAIM**

8. Based upon the credit worthiness of the Vessel, and Defendants agreement to NBPA's Rules and Regulations, NBPA has provided wharfage to the vessel. *See NBPA's Rules and Regulations, attached hereto as* **Exhibit A.**

9. On September 17, 2024, NBPA recorded a lien with the United State Coast Guard against the Vessel in the amount of $7,097.00.

10. NBPA is currently owed $17,697.00 for wharfage and other necessaries that have been provided to the Vessel. *See NBPA's current statement to Defendants, attached hereto as* **Exhibit B.**

11. Despite repeated demands, the Defendant and the Vessel have failed to satisfy this outstanding balance.

12. Pursuant to NBPA's Rules and Regulations and billing practices with this Vessel, NBPA is also owed interest and attorneys' fees and costs incurred to collect the monies owed to NBPA.

**COUNT I**
**BREACH OF CONTRACT**

13. NBPA incorporates Paragraph Nos. 1-12 herein as if set forth in full.

14. NBPA is a government agency in the port of New Bedford that leases berths to commercial fishing vessels.

15. NBPA does not have written contracts with the vessels that use its berths, but rather implied contracts of wharfage subject to the Rules and Regulations of NBPA. *See* **Exhibit A.**

16. NBPA Rules and Regulations include in every wharfage agreement the recovery of costs and reasonable attorneys' fees incurred to collect the monies owed to NBPA. *See id.*

17. On or about June 30, 2024, Trawler Master was notified that it was past due on F/V PAPAS GIRL's wharfage payments.

18. Trawler Master breached its wharfage agreement by continuing its wharfage use from June 30, 2024, until at least September 30, 2026, despite not paying any wharfage fees it owed.

19. Trawler Master remains in breach of the agreement for unpaid fees under the wharfage agreement.

20. "A contract to provide wharfage or storage is a maritime contract and a breach of this contract is cognizable in admiralty." *Selame Assocs., Inc. v. Holiday Inns, Inc.*, 451 F. Supp. 412, 418 (D. Mass. 1978).

21. As a result of Trawler Master's breach, Plaintiff has incurred damages in the amount of Seventeen Thousand Six Hundred Ninety-Seven and 00/100 Dollars ($17,697.00) for berthing determined a daily rate per foot; and reasonable attorneys' fees associated with collection of monies owed plus interest and other costs. *See Aransas Terminal Co., LLC v. Custom Marine, Inc.*, No. 2:23-CV-00081, 2023 WL 12039551, at *1 (S.D. Tex. Oct. 31, 2023) (awarding attorney's fees).

**WHEREFORE** the Plaintiff, New Bedford Harbor Development Commission, d/b/a, New Bedford Port Authority, prays that this Honorable Court enter Judgement in their favor on Count I for Breach of Contract against the Defendant, Trawler Master Braxton, Inc., together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

**COUNT II**
**TRESPASS**

22. NBPA incorporates Paragraph Nos. 1-21 herein as if set forth in full.

23. NBPA is a government agency in the port of New Bedford that leases berths to commercial fishing vessels.

24. On or about June 30, 2024, Trawler Master was notified that it was past due on F/V PAPAS GIRL's wharfage payments.

25. From June 30, 2024, until at least September 30, 2026, Trawler Master continued to enter and use NBPA property despite not paying any wharfage payments it owed.

26. NBPA notified Trawler Master numerous times during this period that it had overdue invoices.

27. Plaintiff is currently owed Seventeen Thousand Six Hundred Ninety Seven and 00/100 Dollars ($17,697.00) for berthing determined a daily rate per foot, and reasonable attorneys' fees associated with collection of monies owed plus interests and other costs.

**WHEREFORE** the Plaintiff, New Bedford Harbor Development Commission, d/b/a, New Bedford Port Authority, prays that this Honorable Court enter Judgement in their favor on Count II for Trespass against the Defendant, Trawler Master Braxton, Inc., together with costs and reasonable attorneys' fees, and issue any such further relief it deems just and proper.

**COUNT III**
**MARITIME LIEN FOR NECESSARIES**

28. NBPA incorporates Paragraph Nos. 1-27 herein as if set forth in full.

29. NBPA is the holder of a maritime lien against the Vessel and is legally entitled to seize said Vessel pursuant to its rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter.

30. NBPA has provided wharfage and services to the Vessel, i.e. "necessaries," on the order of the owner, operator, owner *pro hac vice*, or from one acting with and under the authority

of the owner, which services and supplies constitute necessaries under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31342 as defined in 46 U.S.C. § 31301.

31. NBPA has the right to enforce its maritime lien against the Vessel to recover for the non-payment for necessaries, damages sustained, and for all other such legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

32. NBPA further requests that all expenses incurred in the safekeeping of the Vessel be declared to be *custodia legis* expenses, including but not limited to all expenses associated with docking the Vessel and maintaining the state of the Vessel following arrest, and that such expenses be paid prior to the release of the Vessel or distribution of proceeds of the sale.

33. NBPA reserves the right to amend any article of this Verified Complaint as facts become better known.

WHERFORE, Plaintiff prays:

1. That a warrant for the arrest of the F/V PAPAS GIRL (O.N. 1102373), her engines, boilers, tackle, appurtenances, furniture, gear, tender, sails, electronics, and Northeast Permit No.: 410577 and Massachusetts State Permit No.: 175059, etc. be issued, and that all persons claiming any right, title, or interest then be cited to appear and answer under oath, and that the F/V PAPA GIRL (O.N. 1102373), her engines, boilers, tackle, appurtenances, furniture, gear, and Northeast Permit No.: 410577 and Massachusetts State Permit No.: 175059, etc. may be condemned and sold to pay the demands aforesaid, with interest and costs, and to pay and all other amounts required to be paid by Defendants to Plaintiff, and that Plaintiff may have such other and further relief as the Court deems just and equitable;

2. That NBPA's Preferred Maritime Lien, be declared to be a valid upon the F/V PAPAS GIRL (O.N. 1102373), her engines, boilers, tackle, appurtenances, furniture, gear, and Northeast Permit No.: 410577 and Massachusetts State Permit No.: 175059, etc. in the preferred position described therein and thereby conveyed and transferred, prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever, except such persons, firms or corporations as may hold preferred maritime liens on said vessel.
3. That Judgment be entered in favor of the Plaintiff and against the Defendants, F/V PAPAS GIRL (O.N. 1102373) and Northeast Permit No.: 410577 and Massachusetts State Permit No.: 175059, and Trawler Master, for the amount of the Plaintiff's damages, together with interest, costs, and if allowed, attorneys fees.
4. That any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to NBPA as set forth herein;
5. That notice of these proceedings be given to the master or caretaker of the Vessel, and to any person which has recorded a notice of claim of any undischarged lien upon the Vessel; and
6. That this Court grant NBPA such other and further relief which it may deem just and proper.

**VERIFICATION**

I, Blair S. Bailey, being duly sworn depose and say:

I am the General Counsel of the New Bedford Harbor Development Commission, d/b/a, New Bedford Port Authority in the above action; I have read the foregoing complaint and know

the contents thereof and the same are true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters I believe it to be true. Pursuant to 28 USC §1746, I, Blair S. Bailey declare under penalty of perjury that the foregoing is true and correct.

New Bedford Harbor Development Commission, d/b/a, New Bedford Port Authority
By: Blair S. Bailey
Its: General Counsel

Respectfully submitted,
Plaintiff,
By its attorney,

"/s/ Kirby L. Aarsheim"
Kirby L. Aarsheim
Bar No.: 678774
Austin L. Plaster
Bar No.: 718911
Farrell Smith O'Connell LLP
27 Congress Street, Suite 508
Salem, Massachusetts 01970
Tel: 978-744-8918
kaarsheim@fsofirm.com
aplaster@fsofirm.com

Dated: November 19, 2026